[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Richard Cook appeals the trial court's denial of his postconviction petition. He asserts that the trial court failed to specify which portions of the files and records "negative the operative facts" of his claims and that the trial court's findings of fact and conclusions of law were insufficient because they failed to separately address each claim.
Cook pleaded guilty to two counts of aggravated robbery and the accompanying firearm specifications. The trial court sentenced Cook to three years' imprisonment for each aggravated robbery, imposed mandatory prison terms of one year and three years, respectively, on the two gun specifications, and ordered the sentences to be served consecutively. Cook did not file a direct appeal from his conviction.
Cook's postconviction petition asserted three claims of ineffective assistance of counsel. The trial court denied Cook's petition and entered findings of fact and conclusions of law. It concluded that Cook had failed to "supply documentation which contains sufficient operative facts to demonstrate that counsel's performance fell below an objective standard of reasonableness." Cook's petition did not contain supporting affidavits or evidencedehors the record relating to his claims. (In his petition, Cook stated that an attached affidavit supported each of his claims and that he had provided no evidence because to do so required appointed counsel and fees for the services of an investigator.) The only affidavit in the record is Cook's affidavit of indigency.
In his first assignment, Cook claims that the trial court erred by failing to specify portions of the record that it relied on to summarily dismiss his petition. Before the trial court was required to specify the parts of the record which "negative[d] the existence" of Cook's alleged facts, the trial court had to find that Cook had provided facts to establish that he was denied effective assistance of counsel. Thus, Cook had the burden "to submit evidentiary documents containing sufficient operative facts to demonstrate" ineffective assistance.[1] If Cook's petition alone failed to make out a claim upon which a postconviction remedy could be had, the trial court could summarily dismiss it. Cook's bare allegations that trial counsel did not permit him to personally review allegedly incriminating statements and did not move to suppress a witness's identification made under circumstances that Cook alleged "raise[d] the question of suggestibility" failed to establish, under the requirements ofStrickland v. Washington,[2] either that his trial counsel was incompetent or that there was any prejudice. Thus, we overrule Cook's first assignment.
Cook claims in his second assignment that the trial court's findings of fact and conclusions of law were insufficient because they did not separately address each of his claims. The Ohio Supreme Court has explained that the "trial court need not address every issue raised by appellant or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law. The findings need only be sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion."[3] In this case, we conclude that the trial court's findings and conclusions were adequate. We overrule Cook's second assignment.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter, and Winkler, JJ.
 _______________________________ Presiding Judge
[1] See State v. Jackson (1980), 64 Ohio St.2d 107,413 N.E.2d 819, syllabus.
[2] See Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052.
[3] See State v. Calhoun (1999), 86 Ohio St.3d 279, 291,714 N.E.2d 905, 916.